UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSICA WYNNE VOGEL | CIVIL ACTION |
| VERSUS | NO. 25-631 |
| 1 PERCENT LISTS FRANCHISES, LLC ET AL. | SECTION "R" (3) |

## **ORDER AND REASONS**

Before the Court is plaintiff Jessica Wynne Vogel's motion to substitute real party in interest,[1] defendants Absobeautly and Lisa Edwards's motion to withdraw[2] their motion to dismiss to dismiss for failure to state a claim,[3] and defendants Absobeautly and Lisa Edwards's opposed[4] motion to dismiss for lack of subject matter jurisdiction.[5] For the following reasons, the Court grants plaintiff's motion to substitute, grants defendants' motion to withdraw, and denies defendants' motion to dismiss for lack of subject matter jurisdiction.

---

[1]   R. Doc. 50.
[2]   R. Doc. 45.
[3]   R. Doc. 43.
[4]   R. Doc. 51.
[5]   R. Doc. 46.

## I. BACKGROUND

This case arises out of events related to a franchise agreement that plaintiff, and later plaintiff's wholly-owned company, entered into with defendant 1 Percent Lists Franchises ("1 Percent Lists"). On February 5, 2021, plaintiff Jessica Wynne Vogel entered into a franchise agreement with defendant 1 Percent Lists.[6] On June 23, 2021, 1 Percent Lists and One Percent Lists Carolinas, LLC, ("Lists Carolinas"), Vogel's franchise, entered into a franchise agreement that replaced the earlier agreement between 1 Percent Lists and Vogel.[7] Later, 1 Percent Lists and Absobeautly, a company allegedly owned by Lisa Edwards, executed a franchise agreement.[8] In July 2023, 1 Percent Lists sent plaintiff a letter purporting to terminate the franchise agreement between 1 Percent Lists and Lists Carolinas.[9]

On January 14, 2024, Vogel filed this lawsuit in the Mecklenburg County Superior Court, pleading thirteen claims for relief: (1) violation of N.C. Gen. Stat. §§ 66-95 (against 1 Percent Lists); (2) violation of N.C. Gen. Stat §§ 66-97; (3) violation of N.C. Gen. Stat. §§ 66-98(1); (4) fraudulent inducement; (5) breach of contract, based on the franchise agreement; (6)

---

[6] R Doc. 44 at 38; R. Doc. 20, Ex. 2.
[7] R. Doc. 44 at 38; R. Doc. 20, Ex. 3.
[8] R. Doc. 1-4 at ¶ 36.
[9] *Id.* at ¶ 80.

breach of implied covenant of good faith and fair dealing, based on the franchise agreement; (7) tortious interference with contract, based on the website contract; (8) tortious interference with contract, based on the franchise agreement; (9) aiding and abetting tortious interference with contract, based on the franchise agreement; (10) tortious interference with contract, based on the employment agreement; (11) tortious interference with prospective contract; (12) aiding and abetting tortious interference with prospective contract; (13) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1(a).[10]  Defendants removed the action to the United States District Court for the Western District of North Carolina.[11]  On March 31, 2025, the Western District of North Carolina ordered the transfer of the case to this Court.[12]

On July 14, 2025, 1 Percent Lists filed its Answer, Affirmative Defenses, and Counterclaims.[13]  One of 1 Percent Lists Affirmative Defenses is that the franchise agreement between Percent Carolinas and 1 Percent Lists replaced the one between Vogel and 1 Percent Lists; thus, Vogel lacks standing.[14]  1 Percent Lists additionally brought a counter-claim for breach of contract

---

| | |
|---|---|
| 10 | R. Doc. 1-4. |
| 11 | R. Doc. 1. |
| 12 | R. Doc. 27. |
| 13 | R. Doc. 44. |
| 14 | *Id.* at 27-28. |

against Percent Carolinas and a counter-claim for breach of guaranty against Vogel.[15] On July 7, 2025, Edwards and Absobeautly filed a motion to dismiss for failure to state a claim;[16] on July 15, 2025, they filed a motion to withdraw that document.[17] On July 15, 2025, Edwards and Absobeautly filed a renewed motion to dismiss for lack of subject matter jurisdiction, in which they contended that Vogel lacks standing as Percent Carolinas, and not Vogel, is a party to the franchise agreement.[18] On July 28, 2025, Vogel brought a motion to substitute real party in interest, in which she requests the Court substitute Percent Carolinas in place of herself as the named plaintiff.[19] The Court considers the motions.

## II.   LAW AND ANALYSIS

### A. Motion to Substitute

Under Federal Rule of Civil Procedure 17, every action shall be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is the [one] holding the substantive right sought to be enforced, and not necessarily the [one] who will ultimately benefit from

---

15    *Id.* at 36-42.
16    R. Doc. 43.
17    R. Doc. 45.
18    R. Doc. 46.
19    R. Doc. 50.

the recovery." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (cleaned up). A party's failure to correctly identify the real party in interest may be corrected. Fed. R. Civ. P. 17(a)(3); *see also United States ex. Rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989) (finding that Rule 17(a)(3) is designed "to prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made"). Rule 17(a)(3) provides:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a)(3).

Lists Carolinas is the real party in interest because it is the sole party to the controlling Franchise Agreement. Defendants assert, and plaintiff does not dispute, that on June 23, 2021, 1 Percent Lists replaced the February 5, 2021, franchise agreement between 1 Percent Lists and Jessica Wynne Vogel with a franchise agreement between 1 Percent Lists and Lists Carolinas.[20] The second franchise agreement had an effective date of

---

[20] R. Doc. 20 at ¶¶ 8, 11; R. Doc. 20 Exhibits 2, 3.

February 5, 2021, the same effective date as the first franchise agreement.[21] Lists Carolinas is wholly-owned by Vogel. The Court finds the mistake understandable. Moreover, the Court finds that allowing the substitute is "in the interests of justice." Fed. R. Civ. P. 17(a) Advisory Committee Notes, 1966 Amendment.

Additionally, the Court finds that the motion to substitute is timely. "A Rule 17(a) motion is timely so long as joinder of the real party in interest remains practical and convenient." *In re RLB Contracting, Inc.*, 854 F. App'x 614, 614 (5th Cir. 2021) (cleaned up). On July 14, 2025, 1 Percent Lists raised as an affirmative defense the argument that the Second Franchise Agreement, to which Lists Carolinas but not Vogel in her personal capacity is a party, controls.[22] On July 15, 2025, Defendants Edwards and Absobeautly filed a Motion to Dismiss arguing that Lists Carolinas is the real party in interest.[23] Vogel brought this motion two-weeks later.[24] Substitution at this point is neither impractical nor inconvenient. Additionally, there is no evidence that permitting substitution "would meaningfully prejudice [defendants] (or even delay the case)." *In re RLB*

---

[21]   R. Doc. 20 at ¶ 11; R. Doc. 20 Exhibit 3.
[22]   R. Doc. 44.
[23]   R. Doc. 46.
[24]   R. Doc. 50.

*Contracting, Inc.*, 854 F. App'x at 614. As such, the Court finds that Vogel is permitted to substitute Lists Carolinas in her place.

### B. Motion to Withdraw

Defendants Absobeautly and Edwards filed a motion to dismiss for failure to state a claim on July 7, 2025.[25] On July 15, 2025, Absobeautly and Lisa Edwards filed a motion to withdraw document, requesting that the motion to dismiss be withdrawn.[26] The Court grants the motion to withdraw document and the motion to dismiss is withdrawn.

### C. Motion to Dismiss

Defendants Absobeautly and Edwards filed a renewed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[27] Defendants argue that Vogel lacks standing to assert claims against them.[28] Specifically, they argue that any claims stemming from the alleged injuries are held by Lists Carolinas and not Vogel in her personal capacity.[29] Because this Court has granted Vogel's motion to substitute, the motion by Absobeautly and Lisa Edwards to dismiss is moot. Accordingly, the Court dismisses the motion without prejudice as moot.

---

[25]   R. Doc. 43.
[26]   R. Doc. 45.
[27]   R. Doc. 46.
[28]   *Id.*
[29]   *Id.*

7

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to substitute real party in interest, GRANTS defendants Absobeautly and Edwards's motion to withdraw document, and DISMISSES as MOOT the motion of Absobeautly and Edwards to dismiss for lack of subject matter jurisdiction.

IT IS HEREBY ORDERED that One Percent Lists Carolinas, LLC is substituted in place of Jessica Wynne Vogel.

IT IS HEREBY ORDERED that R. Doc. 43 is withdrawn.

New Orleans, Louisiana, this 19th day of September, 2025.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE