UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ONE PERCENT CAROLINAS

CIVIL ACTION

VERSUS

NO. 25-631

1 PERCENT LISTS FRANCHISES ET AL.

SECTION "R" (3)

## **ORDER AND REASONS**

Before the Court is the joint motion of plaintiff, third-party defendant, and defendants to continue trial and all unexpired deadlines.[1]  The parties seek an additional 3-5 months for various discovery and pretrial deadlines.[2] They contend that such continuances are necessary as they anticipate bringing forth discovery disputes, and the resolution of those disputes is needed for the parties to complete depositions and related disclosures and to prepare for trial.[3]  The parties also argue that witness and counsel availability, other pending litigation obligations, and "practical difficulties associated with coordinating depositions during the summer months" have

---

[1]      R. Doc. 88.
[2]      *See id.* at 4.
[3]      *Id.* at ¶ 6.

impeded their progress.[4]  Additionally, they point to Absobeautly and Lisa Edwards' change in counsel as reason for delays.[5]

Federal Rule of Civil Procedure 16(b) provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's."  *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (internal quotation marks omitted)).

The parties have not demonstrated good cause for the multi-month continuances they seek.  At this juncture, discovery remains open, and trial

---

[4]     *Id.* at ¶ 7.

[5]     *Id.* at ¶ 5.

is not set until September 21, 2026.[6] Counsel for Edwards and Absobeautly has been enrolled for three months and was already part of this matter as counsel for co-defendant 1 Percent Lists. Further, and importantly, no discovery dispute is presently before the court. Unspecified discovery disputes not yet before the Court do not provide good cause to modify the scheduling order. Nor do difficulties pertaining to the "summer" or counsel's other unspecified obligations. Finally, the Court notes that this matter has been pending since early 2024.[7] Further delay is not justified at this juncture. Accordingly, the Court DENIES the motion.

New Orleans, Louisiana, this  28th  day of May, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6]     R. Doc. 69.

[7]     *See* R. Doc. 1. This matter was originally brought in North Carolina state court. *Id.* It was then removed to federal court in North Carolina, id., before being transferred to this Court on March 31, 2025. R. Doc. 27.